UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELITE REAL ESTATE & PROFESSIONAL,

    PLAINTIFF,

V.

    CASE NO. 21-10664

    HON. DENISE PAGE HOOD

AZALINE RICE HARRIS,

    DEFENDANT/THIRD-PARTY
    PLAINTIFF,

V.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

    THIRD-PARTY DEFENDANT.
_____/

**ORDER GRANTING THIRD-PARTY DEFENDANT'S
MOTION TO DIMISS (#4)
AND REMANDING THIS MATTER BACK TO
36TH DISTRICT COURT, WAYNE COUNTY, STATE OF MICHIGAN**

This matter is before the Court on Third-Party Defendant U.S. Department of Housing and Urban Development's ("HUD") Motion to Dismiss Third-Party Plaintiff Azaline Rice Harris's claim against it for lack of subject matter jurisdiction and for failure to state a claim. In this action, property owner Elite Real Estate & Professional ("EREP") filed suit in state court to take possession from the current occupant, Azaline Rice Harris ("Harris"). Harris claims that she is the true owner of

1

the property and filed a third-party claim against HUD in state court to attempt to delay the state court eviction process. Harris alleges that HUD owed her a duty to review her eligibility for continued occupancy in the property and claims that this review would entitle her to enjoin the current owner's eviction action. The Court grants HUD's Motion to Dismiss because Harris has failed to state a claim under the Administrative Procedures Act ("APA") and her APA claim is barred by the Doctrine of Derivative Jurisdiction.

I.  BACKGROUND

In 1998, Vivian and Joseph Welton purchased a property located at 9254 E. Outer Drive, Detroit, Michigan and obtained an FHA-insured mortgage on the property. (ECF No. 4, Ex. 1, Welton Mortgage and Ex. 2, Riley Decl., at ¶ 5). In 2014, Joseph Welton defaulted on the mortgage and HUD paid approximately $5,000 to cure the default. (ECF No. 4, Ex. 3, HUD Mortgage and Ex. 2, Riley Decl. at ¶ 6). As a result of HUD's payment, HUD obtained a partial claim mortgage on the property for approximately $5,000. (ECF No. 4, Ex. 3, HUD Mortgage and Ex. 2, Riley Decl. at ¶ 6). Joseph Welton was the only borrower listed on the mortgage at that time. (ECF No. 4, Ex. 3, HUD Mortgage and Ex. 2, Riley Decl. at ¶ 6).

According to Harris, Joseph Welton executed a quit claim deed transferring his ownership of the property to himself and to Harris on July 22, 2016. (Quit

Claim Deed, ECF No. 1, PageID.17). Joseph Welton died on April 18, 2018. (Death Cert., ECF No. 1, PageID.19). The Wayne County Register of Deeds shows that Wells Fargo Bank obtained a Sheriff's Deed for the property in April of 2019 after foreclosing on the property after Welton's death. (ECF No. 4, Ex. 4, Sheriff's Deed). After obtaining title to the property, Wells Fargo extinguished HUD's interest in the property using HUD's Claims Without Conveyance of Title ("CWOCT")[1] procedure. (ECF No. 4, Ex. 2, Riley Decl. ¶¶7-8).

In January of 2020, Wells Fargo sold the property to Henry Ortiz. (ECF No. 4, Ex. 5, Ortiz Deed). On September 22, 2020, Ortiz, acting through a property management company, filed a complaint in state court to recover possession of the property from Harris after serving Harris with a notice to quit. (Compl., ECF No. 1, PageID.32). HUD is not involved in the current owner's attempts to take possession of the property and has no current interest in the property or the mortgage covering the property. (*See id*.).

Harris filed a third-party complaint against HUD in state court on February 18, 2021. (Third-Party Complaint, ECF No. 1, PageID.5). In her Third-Party Complaint, Harris asks the Court to "exercise judicial review of HUD's

---

[1] The CWOCT procedure, described at 24 C.F.R. § 203.368, "authorizes the Secretary to permit mortgagees [banks] to submit claims for the payment of mortgage insurance benefits on foreclosed single-family properties without conveying title to the foreclosed properties to the Secretary." 52 Fed. Reg 1320-01, at 1320. As a result, under the CWOCT procedure, "[t]he property is sold at foreclosure and is not conveyed to HUD." (HUD Handbook, § 4330.4, Ch. 1-1, available at https://www.hud.gov/program_offices/administration/hudclips/handbooks/hsgh/43 30.4 (last visited Apr. 28, 2021))

3

determination under the Administrative Procedures Act, 5 U.S.C. § 702, 703, 704, and 706." (Third-Party Complaint, ECF No. 1, PageID.6). Harris does not allege that HUD ever owned the property, but instead alleges that she owns the property. (*See* Third-Party Compl., ECF No. 1, PageID.4–15).

## II. ANALYSIS

### A. Standard of Review

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis," while "[a] factual attack challenges the factual existence of subject matter jurisdiction." *Id.* "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., a court must treat all well-pleaded allegations in the complaint as true,

4

and dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007) (citation omitted). A plaintiff, however, bears the burden of providing more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2006) (citation omitted).

### B. Harris's Third-Party Claim Against HUD Under the APA is Meritless

The APA authorizes suit against a federal agency by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702; *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 61–62 (2004). "Where no other statute provides a private right of action, the 'agency action' complained of must be a 'final agency action' or a 'failure to act." *Norton*, 542 U.S. 61–62 (quoting 5. U.S.C. §§ 704, 706. Under the APA, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

When an APA claim is based on "[a] 'failure to act' . . . the only agency action that can be compelled under the APA is action legally required." *Norton*, 542 U.S. 61–63. As described below, HUD had no legal obligation to offer Harris a review for eligibility for an occupied conveyance because that procedure only

5

applies when HUD takes ownership of a property and HUD never owned the property in this case.

Harris cites four HUD regulations to support her APA claim against HUD: 24 C.F.R. § 291.100 and 24 C.F.R. §§ 203.670, 671, 674. HUD argues that none of these regulations required HUD to take any action in this case and none of them allow HUD to intervene in an eviction action between private parties. Under the National Housing Act, "HUD is charged with carrying out a program of sales of HUD-acquired and owned properties." 81 Fed. Reg. 52998-01, at 52998. To carry out this charge, HUD acquires properties through the Single- Family Property Disposition ("SFPD") Program. (HUD Handbook, § 4310.5, Ch. 1-4(A).[2]

Under the SFPD program, HUD "acquires single family properties . . . as a result of foreclosures of FHA-insured mortgages . . .[and] following foreclosure, mortgage lenders have a right to deed the properties to HUD in exchange for the mortgage insurance benefits." (*Id.*). The regulations at 291.1 *et seq.*, including the regulation upon which Harris relies —24 C.F.R. § 291.100—apply only to HUD's SFPD Program and "govern[] the disposition of one-to-four family properties that are acquired by HUD or are otherwise in HUD's custody." 58 Fed. Reg. 54244-01. Similarly, the other regulations upon which Harris relies—24 C.F.R. § 203.670 *et*

---

[2] Available at https://www.hud.gov/program_offices/administration/hudclips/handbooks/hsgh/43 105

*seq.*—only apply when HUD acquires property from a mortgage lender under the SFPD Program. 45 Fed. Reg. 59561-01

Here, Harris' APA claim against HUD fails because the regulations she cites did not impose any legally required duty on HUD. Harris does not allege that the mortgage lender ever tried to transfer title of the property to HUD and she admits that HUD never took ownership of the property. (Third-Party Compl., ECF No. 1, PageID.4–15). Instead, she alleges that she owns the property. (*Id*). Because all of the regulations cited by Harris—24 C.F.R. § 291.100 and 24 C.F.R. §§ 203.670, 671, 674—only apply when HUD acquires property or attempts to sell HUD owned property, none of the regulations upon which Harris' relies impose a nondiscretionary duty on HUD and cannot support her claim against HUD under the APA.

Accordingly, even if Harris had been listed on the FHA-insured mortgage, HUD's interest had not been terminated a year before the current eviction action, the mortgage lender had asked HUD to take title to the property, and HUD had taken ownership of the property under the SFPD Program—HUD did not have a legal obligation to review her eligibility for occupied conveyance because Harris did not request a review for continued occupancy from HUD within 20 days as required by 24 C.F.R. § 203.676.

## C. The Doctrine of Derivative Jurisdiction Deprives Plaintiff's Third-Party Claim Against HUD of Subject Matter Jurisdiction

The principle of removal jurisdiction is that the federal court's exercise of jurisdiction upon removal is derivative—if the state court from whence the action is removed had no jurisdiction then the federal court 'receives' none even if original jurisdiction in the federal court would have been proper." *Fed. Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 192 (6th Cir. 1989); *see also State of Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.").

Derivative jurisdiction is a theory that holds that a federal district court does not acquire subject matter jurisdiction by removal if the state court lacked jurisdiction over the original action." *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 F. App'x 45, 49 (6th Cir. 2016) (quotations omitted); *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012) ("Under the derivative jurisdiction doctrine, because the state court (where the action was initially filed) did not have subject matter jurisdiction over Plaintiff's claim, this Court also lacks subject matter jurisdiction upon a 28 U.S.C. § 1442 removal."); *see also State of Minnesota*, 305 U.S. at 389 ("For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction."). "Consequently, a federal court cannot exercise subject-

8

matter jurisdiction over a case removed under Section 1442 if no subject-matter jurisdiction existed at the state level." Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3726 (Rev. 4th ed.).

Here, Harris' third-party claim against HUD lacks jurisdiction. Harris asserted a claim against HUD in state court under the Administrative Procedures Act. (Third-Party Compl., ECF No. 1, PageID.4–15). However, state courts have no jurisdiction over federal employees and cannot entertain suits under the APA. *See Fed. Nat. Mortg. Ass'n v*, 868 F.2d at 193. Therefore, the state court in which plaintiff filed her APA claim against HUD lacked jurisdiction for such a claim. HUD removed this action to federal court under § 1442, which transfers only the jurisdiction of the state court to the federal court upon removal. *See Hines v. Astrue*, 876 F. Supp. 2d at 1004. Upon removal, this Court obtained only the defective jurisdiction of the state court and Harris cannot establish this Court's subject matter jurisdiction over her claim.

The Court grants HUD's Motion to Dismiss because the regulations upon which Harris's relies are inapplicable to this case and because Harris filed her third-party complaint against a federal agency in a court which had not jurisdiction over the claim.

Accordingly,

IT IS ORDERED that Third-Party Defendant's Motion to Dismiss the Third-Party Complaint **(ECF No. 4)** is **GRANTED**. Third-Party Defendant U.S. Department of Housing and Urban Development is **DISMISSED** from the Third-Party Complaint.

IT IS FURTHER ORDERED that the claims set forth in the Complaint filed by Elite Real Estate & Professional against Defendant Azaline Rice Harris, inasmuch as those state law claims may have been removed to this Court, the Complaint and Counter Complaint are **REMANDED BACK** to the 36th District Court, Wayne County, State of Michigan. The Clerk shall **REMAND** this matter back forthwith after dismissing the Third-Party Defendant before this Court.

IT IS FURTHER ORDERED that this matter is designated as **CLOSED** on the Court's docket.

                                                                    s/Denise Page Hood
                                                                    DENISE PAGE HOOD
                                                                    United States District Judge

DATED: September 30, 2024